LAW OFFICE OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
bschwam@sbcglobal.net
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA SALGADO,<br><br>        Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; AND DOES 1 TO 10, INCLUSIVE,<br><br>        Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. Section 1132] |

Plaintiff, LETICIA SALGADO (hereinafter referred to as "Plaintiff"), complains of Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM" or "Defendants") and Does 1 to 10, inclusive, as follows:

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan

regulated and governed under ERISA. Jurisdiction is predicated under these Code Sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about June 9, 2016, at which time she was informed that UNUM had denied Plaintiff's appeal of the denial of her long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, PRUDENTIAL HEALTH & SERVICE (hereafter referred to as "PRUDENTIAL") to provide its employees with group long term disability benefits, to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7. On information and belief, UNUM insures the plan and is contractually obligated to pay benefits for claims covered and approved through the plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 54, was employed by PRUDENTIAL as a food service associate. Plaintiff worked for PRUDENTIAL from 1991 until she became disabled on September 16, 2013.

**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**

9. Plaintiff's job at PRUDENTIAL required her to plan and coordinate catering setups; previewing menus and work orders, preparing, setting up and breaking down all catering food utensils and dishware. This was a high profile customer service position including working without supervision. Plaintiff had to greet customers and handle all customer complaints with tact and discretion. This was a high energy occupation.

10. Plaintiff's disability began with a diagnosis of ovarian cancer for which she had surgery, and extensive chemotherapy and radiation. As is the case in many instances, cancer survivors have often serious side effects from radiation and chemotherapy, as is the case in this individual. Plaintiff has been suffering from severe weakness and fatigue leading to a serious case of neuropathy, nausea and forgetfulness.

11. Plaintiff also has been diagnosed with fibromyalgia for which there are no diagnostic tests to establish the condition. She received physical therapy and had upper and lower back pain with joint restrictions in addition to left shoulder and knee complaints.

12. Plaintiff's two treating physicians, Dr. Del Castillo and Dr. Lee have both, in March of this year, written letters that have been forwarded to Defendant stating that Plaintiff is disabled and unable to work in her occupation, or any other occupation for which she is reasonably qualified due to neuropathy and fibromyalgia.

13. Also Defendant is aware that Plaintiff has been awarded, and is still receiving Social Security benefits.

14. Despite receiving substantial medical evidence, Defendant terminated Plaintiff's benefits and refused to reinstate her after Plaintiff submitted her appeal.

15. Although Defendant paid two years of long term disability benefits, and the policy definition of total disability changed to the inability to perform the

3
COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

duties of any gainful occupation for what she is fitted by reason of her education, training or experience, Defendant chose to take the position that Plaintiff could perform the duties of her own occupation. It should be noted that according to UNUM's vocational analysis, Plaintiff's occupation is considered medium work, requiring lifting, carrying, pushing, pulling 20 to 50 pounds occasionally, 10 to 25 pounds frequently, and with frequent walking.

16. This position is simply based on the medical assessment of UNUM's own on-site physician's record review. There was neither an Independent Medical Examination requested by Defendant, nor even an Independent Medical Record Review from a physician not employed by UNUM. UNUM's position lacks credibility.

17. On June 9, 2016, Plaintiff's appeal was denied and all administrative remedies have been exhausted.

## FIRST CLAIM FOR RELIEF

### For Damages and Benefits Against Defendant UNUM

### (Pursuant to 29 U.S.C. Section 1132(a)(1))

18. Plaintiff repeats and realleges each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

19. Plaintiff also objects to any new evidence, if any, brought up by UNUM since the administrative record was closed as of the denial of appeal.

20. Plaintiff contends that despite discretionary language in the Plan, the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

21. As a direct and proximate result of UNUM's wrongful denial of LTD benefits, Plaintiff contends that UNUM has breached the contract by not paying monthly benefits, payable at a rate of $1,192.00 per month, after Social Security offsets, from September 18, 2015 to the present and continuing.

22. As a further direct and proximate result of the denial of benefits, and due to Defendants' unreasonable denial, Plaintiff had to engage the services of attorneys to assist her in recovering benefits due her, under the terms of the LTD plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for long term disability benefits payable at the rate of $1,192.00 per month, after Social Security offsets, from September 18, 2015 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

///

///

///

5

COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

4. For any further relief that the court deems reasonable and just.

DATED: September 2, 2016     LAW OFFICE OF BERNARD R. SCHWAM

By: /s/ Bernard R. Schwam
BERNARD R. SCHWAM
ATTORNEY FOR PLAINTIFF
LETICIA SALGADO